UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEFINA PUNAY,<br><br>         Plaintiff,<br><br>v.<br><br>PNC MORTGAGE; CLEAR RECON CORP; and DOES 1-50, inclusive,<br><br>         Defendant. | Case No.: 16cv2780-WQH-NLS<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the motion for voluntary dismissal filed by Plaintiff Josefina Punay (ECF No. 20) and the motion for summary judgment filed by Defendant PNC Mortgage. (ECF No. 23).

**I. BACKGROUND**

  On August 16, 2016 Plaintiff Josefina Punay filed a complaint in San Diego County Superior Court against Defendants PNC Mortgage ("PNC"), Clear Recon Corp, and Does 1–10. (ECF No. 1 at 5). The complaint alleges six causes of action: (1) violation of California Civil Code section 2923.6, (2) promissory estoppel, (3) negligent misrepresentation, (4) violation of California Civil Code section 2924.10, (5) violation of California Civil Code section 2923.7, and (6) violation of California Business and

1 | Professions Code section 17200. *Id.* On November 10, 2016, PNC filed a notice of removal to this Court pursuant to 28 U.S.C. § 1441(b). PNC stated that this Court properly has jurisdiction on diversity grounds under 28 U.S.C. § 1332. *Id.* at 1–2.

On May 31, 2017, the Court issued an Order granting in part and denying in part a motion to dismiss filed by Defendant PNC. The Order stated, "Punay's causes of action against Defendant PNC for the violation of California Civil Code section 2923.6, promissory estoppel, negligent misrepresentation, and the violation of Business and Professions Code § 17200 are dismissed without prejudice. The motion to dismiss is denied in all other respects." (ECF No. 10 at 19).

Defendant Clear Recon Corp has not appeared in this action in this Court. The docket reflects that no proof of service has been filed as to this Defendant in this Court. The Notice of Removal filed by Defendant PNC states, "Co-defendant Clear Recon Corp. was served with the Complaint on August 19, 2016. On September 16, 2016, co-defendant Clear Recon Corp. filed as Declaration of Non-Monetary Status pursuant to California Civil Code § 29241." (ECF No. 1 at 2).

On February 28, 2018, Plaintiff filed a motion for voluntary dismissal. (ECF No. 20). On March 7, 2018, Defendant PNC filed a response in opposition. (ECF No. 22). On April 4, 2018, Plaintiff filed a reply. (ECF No. 24).

On March 27, 2018, Defendant PNC filed a motion for summary judgment. (ECF No. 23). On April 16, 2018, Plaintiff filed a response in opposition. (ECF No. 25). On April 17, 2018, Defendant PNC filed a reply and evidentiary objections to Plaintiff's response. (ECF Nos. 26, 27).

## II. MOTION FOR VOLUNTARY DISMISSAL BY PLAINTIFF

### A. Contentions

Plaintiff moves for voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 20). Plaintiff contends that PNC "has made no showing of how any legal interest, claim, or argument would be prejudiced" by the Court granting the motion for voluntary dismissal without prejudice. (ECF No. 24 at

6). Plaintiff contends that voluntary dismissal is appropriate because neither party wants to continue litigating this action. Plaintiff "requests that all parties bear responsibility for their own attorney's fees incurred in the course of litigating this action" and states that she "reserves the right to withdraw the instant motion if the conditions imposed under any Order of Dismissal issued by the Court substantially deviate from those enumerated by Plaintiff." (ECF No. 20 at 7). Plaintiff asserts that the California Civil Code provides a plaintiff with the absolute right to dismiss a complaint without prejudice any time before trial and that she "did not anticipate the removal of this case to federal court nor did she expect to pay attorney's fees if and when a voluntary dismissal was needed." (ECF No. 24 at 7). Plaintiff asserts that "due to the nature of this action a review of the Plaintiff's loan modification application may rectify and make obsolete the claims of Plaintiff, as it has in the instant case." *Id.*

Defendant PNC contends that the dismissal of this action should be with prejudice "in light of the Plaintiff's lack of diligence in prosecuting this action." (ECF No. 22 at 2). Defendant PNC contends that it has incurred attorney's fees and costs of $25,702.61 in litigating this case. Defendant PNC contends that Plaintiff has not served any written discovery or taken any depositions in this case. Defendant PNC contends that Plaintiff fails to establish that dismissal of the action is necessary. In the alternative, Defendant PNC requests dismissal without prejudice on the following conditions: (1) Plaintiff pay Defendant PNC $25,702.61 for costs and fees incurred within 30 days of the Court order dismissing this case without prejudice; (2) "should the Plaintiff's [sic] refile any subsequent action against PNC on the exact same claims that the discovery responses and deposition testimony obtained may be used in the subsequent case"; (3) "any subsequent action against PNC on the exact same claims be filed in the United States District Court for the Central District of California"; and (4) "Plaintiff be barred from conducting any discovery in any subsequent action against PNC on the exact same claims." *Id.* at 4–5.

**B. Legal Standard**

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal is without prejudice unless the order states otherwise. *Id.* "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (internal citation omitted) (citing *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987); *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). Whether to grant a voluntary dismissal under Rule 41(a)(2) lies in the sound discretion of the district court. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith*, 263 F.3d at 975 (footnote omitted) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)). "[L]egal prejudice is just that—prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996); *see also Smith*, 263 F.3d at 976. "Plain legal prejudice . . . does not result simply when the defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) (citing *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967)); *see also Westlands*, 100 F.3d at 97 ("Uncertainty because a dispute remains unresolved is not legal prejudice."). "[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands*, 100 F.3d at 97. "The defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Id.* "Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory however." *Id.* (citing *Stevedoring Servs.*, 889 F.2d at 921). "[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these

claims." *Id.* (citing *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993); *Davis*, 819 F.2d at 1276).

> In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss.

*Fraley v. Facebook, Inc.*, No. 11-CV-01726-LHK, 2012 WL 893152, at *4 (N.D. Cal. Mar. 13, 2012) (citing *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005)).

> The language of Rule 41(a)(2) indicates that the dismissal of the action is contingent *both* "upon order of the court" *and* "upon such terms and conditions as the court deems proper." In other words, the voluntary dismissal cannot take effect until a court order has been entered *and* the terms and conditions imposed by the court are complied with. This grants to the plaintiff the option to refuse the voluntary dismissal if the conditions imposed are too onerous.

*Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986).

**C. Discussion**

In this case, Defendant PNC contends that it will be prejudiced by a dismissal without prejudice under Rule 41(a)(2) because of the substantial attorney's fees and costs it has incurred by "filing dispositive motions, serving written discovery, taking depositions and diligently preparing for trial." (ECF No. 22 at 4). However, the Ninth Circuit has ruled that the expenses incurred in litigation do not constitute legal prejudice under Rule 41(a)(2). *Westlands*, 100 F.3d at 97. Because Defendant PNC has not established sufficient legal prejudice that would result from granting Plaintiff's motion, the Court will grant the motion for voluntary dismissal without prejudice.

The Court has the authority to impose conditions on a voluntary dismissal under Rule 41(a)(2) and turns next to the conditions requested by the Plaintiff and Defendant PNC. Plaintiff requests that the parties pay their own costs and fees. Defendant

PNC requests that a dismissal without prejudice is conditioned upon Plaintiff paying Defendant PNC $25,702.61 for costs and fees. Defendant PNC has failed to establish that the requested fees are for work that cannot be used in any future litigation of these claims. *See Westlands*, 100 F.3d at 97. Further, Plaintiff has moved for voluntary dismissal at a relatively early stage in proceedings and it is likely that Defendant PNC would be able to use the legal work produced in this case in any subsequent litigation. The imposition of costs and fees as a condition to protect the interests of Defendant PNC upon dismissal without prejudice is not warranted in this case. *Stevedoring Servs.*, 889 F.2d at 921. Further, the Court concludes that the remaining conditions requested by Defendant PNC are not warranted in this action. Fed. R. Civ. P. 41(a)(2) (voluntary dismissal is only warranted on "terms that the court considers proper."). The Court declines to impose any conditions on the dismissal of this case without prejudice.

### III. CONCLUSION

IT IS HEREBY ORDERED that the motion for voluntary dismissal filed by Plaintiff is GRANTED without prejudice. (ECF No. 20). This action is dismissed without prejudice.

IT IS FURTHER ORDERED that the motion for summary judgment filed by Defendant PNC is DENIED as moot. (ECF No. 23).

Dated: May 7, 2018

Hon. William Q. Hayes
United States District Court